MOORE, Judge.
Stephen A. Byrd and Cynthia B. Byrd appeal from a summary judgment entered by the Mobile Circuit Court (“the trial court”) in an ejectment action filed by MorEquity, Inc. We reverse.

Procedural History

On April 20, 2010, MorEquity filed an action seeking possession of certain real property that was in the possession of the Byrds, who were using it as their residence. MorEquity alleged that it had acquired title to the real property through a foreclosure sale and that the Byrds had unlawfully detained the real property following the termination of their possessory interest in the property and a written demand to vacate the premises. The Byrds filed a pro se answer generally denying the allegations in the complaint and asserting that “we can show that our property was foreclosed on without just cause.”
On June 8, 2010, MorEquity filed a motion for a summary judgment with supporting materials. The Byrds thereafter retained attorneys, who filed an amended answer on the Byrds’ behalf on August 25, *379 2010. In the amended answer, the Byrds denied that MorEquity had a right to possession of the property, asserting, among other affirmative defenses, that MorEquity had conducted a foreclosure sale -without first acquiring any ownership interest in the mortgage covering the property. The Byrds’ attorneys subsequently filed documents in opposition to MorEquity’s summary-judgment motion, to which Mo-rEquity replied, attaching supplemental materials.
On December 9, 2010, the Byrds moved to strike some of the evidence submitted by MorEquity in support of its motion for a summary judgment. The trial court conducted a hearing on the motions on December 10, 2010. Following the hearing, MorEquity filed a supplemental evidentia-ry submission. On December 17, 2010, the trial court denied the motion to strike and entered a summary judgment in favor of MorEquity. The trial court entered a writ of possession in favor of MorEquity on January 5, 2011. The Byrds filed a timely motion to alter, amend, or vacate the summary judgment, which the trial court denied on March 15, 2011. The trial court stayed enforcement of its judgment on April 6, 2011, and the Byrds appealed on April 22, 2011.

Analysis

The threshold and dispositive issue on appeal is whether MorEquity had standing to prosecute the ejectment action. See Sturdivant v. BAC Home Loans Servicing, LP, [Ms. 2100245, Dec. 16, 2011] — So.3d — (Ala.Civ.App.2011); see also Cadle Co. v. Shabani, 950 So.2d 277, 279 (Ala.2006) (accord). MorEquity filed its action under the authority of § 6-6-280(b), Ala.Code 1975. See EB Invs., L.L.C. v. Atlantis Dev., Inc., 930 So.2d 502 (Ala.2005) (holding that § 6-6-280(b) applied when the complainant alleged that it was entitled to possession of land through foreclosure deed and that the defendant was unlawfully detaining the land); Muller v. Seeds, 919 So.2d 1174 (Ala.2005) (same), overruled on other grounds by Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89 (Ala.2010); and Earnest v. First Fed. Sav. & Loan Ass’n of Alabama, 494 So.2d 80 (Ala.Civ.App.1986) (same). Under § 6-6-280(b), a complaint in an ejectment action must be “commenced in the name of the real owner of the land or in the name of the person entitled to the possession thereof,” and a complaint is sufficient if, among other things, it alleges “that the plaintiff was possessed of the premises or has the legal title thereto.”
Like any other fact essential to recovery, the plaintiff has the burden of proving standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). At the summary-judgment stage, a plaintiff asserting standing cannot rest on mere allegations in the complaint, see Dover Historical Soc’y v. City of Dover Planning Comm’n, 838 A.2d 1103 (Del.2003), but must prove standing through specific facts set forth by affidavit or other evidence. Grayson v. AT & T Corp., 15 A.3d 219 (D.C.2011). To prevail on a motion for a summary judgment, the plaintiff must present a prima facie case that there is no genuine issue of material fact and that the plaintiff is entitled to a judgment as a matter of law. Armstrong v. McGee, 579 So.2d 1310, 1312 (Ala.1991). In making a determination whether the plaintiff has satisfied that burden, this court, de novo, reviews the evidence in a light most favorable to the nonmovant, Robinson v. Alabama Cent. Credit Union, 964 So.2d 1225, 1228 (Ala.2007), and “entertains such reasonable inferences as the jury would have been free to draw.” Bell v. T.R. Miller Mill Co., 768 So.2d 953, 956 (Ala.2000). “ ‘ “The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of *380 material fact.” ’ ” McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992) (quoting Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989), quoting in turn Schoen v. Gulledge, 481 So.2d 1094, 1096 (Ala.1985)).
In this case, MorEquity asserts that it had standing to maintain the ejectment action against the Byrds because, it says, it held a foreclosure deed to the property, which it submitted to the trial court. The Byrds maintain, however, that the foreclosure deed is void because it was procured through foreclosure proceedings that were conducted by MorEquity without authority. In Sturdivant, supra, this court held that a foreclosure deed was void, — So.3d at — (quoting § 35-10-9, Ala.Code 1975, which provides that “[a]ll sales of real estate, made under powers contained in mortgages or deeds of trust contrary to the provisions of [statutory law governing the power of sale pursuant to the terms of a mortgage], shall be null and void.... ”), and would not sustain an ejectment action when the evidence showed that the foreclosure proceedings had been initiated by the plaintiff without a valid assignment of the power of sale. Under Sturdivant, the vendee to a void foreclosure deed would not be considered a “real owner of the land” with “legal title thereto” within the meaning of § 6-6-280(b). — So.3d at —.
MorEquity submitted evidence indicating that the Byrds executed a promissory note in favor of Wilmington Finance, Inc., in the principal amount of $85,000 on July 19, 2007. That same date, to secure the note, the Byrds entered into a mortgage covering the subject property. Section 22 of that mortgage provides that, in the event of a default and failure to cure, and after appropriate notices are provided to the Byrds,
“Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.”
“Lender” is defined in the mortgage solely as Wilmington Finance, Inc.; however, the mortgage provides that Mortgage Electronic Registration Systems, Inc. (“MERS”), is the nominee for Wilmington Finance, Inc., and that MERS is the designated mortgagee with all legal rights of a mortgagee, including “the right ... to foreclose and sell the Property.”
Pursuant to § 35-10-12, Ala.Code 1975,
“[w]here a power to sell lands is given in any mortgage, the power is part of the security and may be executed by any person, or the personal representative of any person who, by assignment or otherwise, becomes entitled to the money thus secured.”
MorEquity submitted evidence indicating that MERS - assigned the mortgage, complete with its power of sale,[1] to *381 MorEquity so that it could execute that power under § 35-10-12. We agree with the Byrds, however, that MorEquity’s evidence is conflicting as to the date of the assignment.
MorEquity attached to the affidavit of Kenneth Seheller, an assistant vice president of MorEquity, a document entitled “ASSIGNMENT OF MORTGAGE ” (capitalization and italics in original), which states:
“FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. CMERSO as Nominee for WILMINGTON FINANCE, INC., its successors and assigns, hereby assign and transfer to MOREQUITY, INC., 7116 EAGLE CREST BLVD., EVANSVILLE, IN 47715, its successors and assigns, all its right, title and interest in and to a certain MORTGAGE executed by: STEPHEN A. BYRD AND CYNTHIA B. BYRD, in the original principal amount of $85,000.00 and bearing the date of ... 07/19/2007 and recorded on 07/25/2007 in the office of the Recorder of MOBILE County, State of ALABAMA in Instrument Number 2007056302 in BOOK 6227 and PAGE 205.”
(Capitalization and underlining in original.) A notary certified that that document was signed on April 20, 2009. On the other hand, MorEquity attached to the affidavit of Jeff Schutte, its associate director, a document entitled “NOTIFICATION OF SALE, TRANSFER OR ASSIGNMENT OF YOUR MORTGAGE LOAN” (capitalization and bold typeface'in original), indicating that MorEquity had acquired the mortgage via a sale effective December 30, 2009.[2]
The conflict as to the date of assignment materially impacts the standing issue. In Sturdivant, this court held that, in order to conduct a foreclosure sale, a party must have the power to foreclose and sell the property as of the date of the initiation of the foreclosure proceedings, — So.3d at -, which is the date the party “accelerates the maturity date of the indebtedness and publishes notice of a foreclosure sale,” Perry v. Federal Nat’l Mortg. Ass’n, [Ms. 2100235, Dec. 30, 2011] (Ala.Civ.App. 2011), impliedly overruled on other grounds by Ex parte Secretary of Veterans Affairs, 92 So.3d 771 .(Ala.2012). The undisputed evidence in this case shows that the debt had been accelerated as of December 11, 2009, and that the notice of the foreclosure sale was first published on December 15, 2009, which was long after the alleged April 20, 2009, assignment date but over two weeks before the alleged December 30, 2009, assignment date. If the latter date is accurate, MorEquity would not have had authority to initiate the foreclosure proceedings; only Wilmington Finance, Inc., or MERS could have started foreclosure proceedings at that time. Pointedly, two December 11, 2009, letters *382 submitted by MorEquity, notifying the Byrds individually of the acceleration of the debt,[3] and the notices of foreclosure sale published beginning on December 15, 2009,[4] all indicate that Wilmington Finance, Inc., had invoked the foreclosure process, implying that the assignment had not yet occurred by mid-December, as the document attached to Schutte’s affidavit reflects.
MorEquity did not present a prima facie case of standing because its own evidence creates a genuine issue of material fact as to whether it had the power to foreclose and sell the property when the foreclosure proceedings were initiated on December 15, 2009.
The Byrds seek reversal of the summary judgment on numerous other grounds, including the alleged failure of MorEquity to provide notice of default and acceleration of the debt, see Jackson v. Wells Fargo Bank, N.A., 90 So.3d 168, 173 (Ala.2012) (holding that failure of notice of default and acceleration of debt may invalidate foreclosure sale); the alleged failure of MorEquity to prove that it provided contractual notice of the foreclosure sale, see Thompson v. Wachovia Bank, Nat’l Ass’n, 39 So.3d 1153 (Ala.Civ.App.2009), overruled on other grounds by Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89 (Ala. 2010) (genuine issue of material fact existed where borrowers denied receipt of notice of the foreclosure sale and mortgagee failed to submit admissible evidence indicating that it sent required notice), and Kennedy v. Wells Fargo Home Mtg., 853 So.2d 1009 (Ala.Civ.App.2003) (accord); the existence of alleged irregularities in the published notice of the foreclosure sale, see § 35-10-8, Ala.Code 1975 (establishing contents of notice of foreclosure sale); the alleged agreement of MorEquity to forego foreclosure while the Byrds participated in its loss-mitigation program, but see Coleman v. BAC Servicing, [Ms. 2100453, Feb. 3, 2012] (Aa.Civ.App. 2012) (holding that oral agreements to forebear foreclosure are not valid under the Statute of Frauds); the alleged failure of MorEquity to comply with the loss-mitigation regulations of the National Housing Act, 12 U.S.C. § 1701x(c)(5); and MorEquity’s alleged breach of its fiduciary duty by underbidding on the property at the foreclosure sale. See Berry v. Deutsche Bank Nat’l Trust Co., 57 So.3d 142, 147-48 (Ma.Civ.App.2010). Without commenting on the merits of those *383 grounds, we note that they all may be characterized as affirmative defenses to an ejectment action pertaining to the proper exercise of the power of sale or irregularities in the manner of the sale itself, which errors may render a foreclosure deed voidable. See Sturdivant, — So.3d at-(Moore, J., concurring specially). Because we are reversing the trial court’s judgment on a more fundamental issue — a genuine dispute as to the lack of MorEquity’s authority to initiate the foreclosure proceedings, which would render the foreclosure deed void — we pretermit discussion of those issues.
For the foregoing reasons, the summary judgment entered by the trial court in favor of MorEquity is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMAS, J., concurs.
PITTMAN and BRYAN, JJ., concur in the rationale in part and concur in the result, -with writings.
THOMPSON, P.J., concurs in the result, without writing.

. The Byrds contend in their brief to this court diat any assignment of the mortgage did not convey the underlying note, which serves as the basis for the power of sale. See Coleman v. BAC Servicing, [Ms. 2100453, Feb. 3, 2012] (Ala.Civ.App.2012) (holding that, under § 35-10-12, Ala.Code 1975, power of sale resides in the party with the right to the money secured by the mortgage, which would be the note holder). [Note from the reporter of decisions: On June 22, 2012, the Alabama Court of Civil Appeals withdrew the February 3, 2012, opinion in Coleman and substituted another one. See Coleman v. BAC Servicing, [Ms. 2100453, June 22, 2012] — So.3d — (Ala.Civ.App.2012).] However, the Byrds did not raise that issue at or before the summary-judgment hearing, instead asserting it for the first time in one sentence in their post-judgment motion. Because a trial court need not consider a legal argument raised for the first time in a postjudgment motion, Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1369-70 (Ala.1988), and considering further the sparse nature of the argument *381 below, we decline to address the Byrds’ now fully formed legal argument on appeal.

. The Byrds raise issues regarding the admissibility of both the alleged April 20, 2009, assignment and Schutte’s affidavit testimony relating to the alleged December 30, 2009, assignment. The Byrds also argue that the trial court erred in considering new evidence regarding the notarization of the alleged April, 20, 2009, assignment submitted by Mo-rEquity after the summary-judgment hearing. Because of our disposition of the standing issue, we find no need to address those issues.

. Those letters both state:. "Re: Wilmington Finance, Inc. v. Stephen A. Byrd and Cynthia B. Byrd, Husband and Wife.” The letters also state “cc: MorEquity Inc.” MorEquity does not explain why the caption indicates Wilmington Finance, Inc., is pursuing the Byrds for the mortgage debt, but the letter is copied to MorEquity.

. The notice of foreclosure sale states:
“Default having been made in the payment of the indebtedness secured by that certain mortgage executed to [MERSJ, acting solely as Nominee for Wilmington Finance Inc. on July 19, 2007, by Stephen A. Byrd and Cynthia B. Byrd, Husband and Wife, and recorded in Book 6227 Page 205; said mortgage transferred and assigned to Wilmington Finance Inc. et seq., in the Office of the Judge of Probate of Mobile County, Alabama, the undersigned, as Mortgagee or Transferee, under and by virtue of the power of sale contained in the said mortgage will sell at public outcry to the highest bidder for cash in front of the main entrance of the Mobile County, Alabama, Courthouse in the City of Mobile, Mobile County, Alabama, on January 14, 2010....”
The "undersigned” is designated as "Wilmington Finance, Inc., its successors and assigns, Mortgagee or Transferee.” MorEquity is not mentioned.