THOMPSON, Presiding Judge.
Howard Ross appeals from a summary judgment entered by the Madison Circuit Court (“the trial court”) in favor of Wells Fargo Bank, N.A. We reverse.
Wells Fargo initiated the proceedings below in March 2008 by filing a “complaint for declaratory judgment, redemption and ejectment” against Ross and a number of other defendants, seeking as to certain real property, among other things, to quiet title and to establish its redemption rights and its right to immediate possession.[1] Ross filed an answer pro se.
In July 2008, Wells Fargo filed a motion for a summary judgment with a supporting brief, an affidavit, and documentation that, among other things, traced Wells Fargo’s title to the property.
Approximately six months later, in December 2008, Wells Fargo filed a motion for a temporary restraining order seeking to prevent Ross and another defendant from leasing or selling the property. Following a hearing on that motion, the trial court entered an order on February 19, 2009, that, among other things, denied Wells Fargo’s request for a temporary restraining order. In that order, the trial court determined, in part:
“This action was filed by [Wells Fargo] seeking a bill to quiet title and ejectment of [Ross and other defendants] from a parcel of land, located in Madison County, Alabama, more particularly described as, to wit:
“Lot 5, Block O, according to the map of survey of the Subdivision of Concord Place, as recorded in the Office of the Judge of Probate of Madison County, Alabama, in Plat Book 5, Page 39 ....
“[Wells Fargo] traces its title back to Sequita and Marcus Young, who allegedly purchased the said parcel on September 24, 2004, and financed said purchase with a mortgage given to Argent Mortgage Company, LLC.

“On December 29, 200k, Argent Mortgage Company allegedly executed an assignment of its mortgage interest in the above described real property to Ameri-quest Mortgage Company, which assignment was allegedly recorded on September 7, 2006. However, [Wells Fargo’s] said exhibit describes a different parcel of property and names a different mortgagor, namely, Donald Williams and wife Mia M. Williams and a parcel description set out in Exhibit A to the said assignment, to wit:

“ ‘Lot 16 Block 2 according to the map of survey of Holly Acres. Sixth Addition, Huntsville, Alabama as recorded in Plat Book 6, Page U5, in the Office of the Judge of Probate of Madison County, Alabama. ’

*221 “On September 28, 2004, [Wells Fargo] alleges Ameriquest Mortgage Company executed an assignment of the said mortgage to the above described parcel to “Wells Fargo Bank, NA, as Trustee.’ The said assignment was allegedly recorded on September 7, 2006.
“The said document references Sequi-ta Young and her husband Marcus Young as mortgagors and sets forth in an Exhibit ‘A’ to the assignment the proper legal description of the said parcel.
“The balance of [Wells Fargo’s] allegations describe and provide exhibits documenting Defendant Howard Ross’s purchase of the said parcel at auction from the Tax Collector of Madison County Alabama on May 12, 2006.
“[Wells Fargo] alleges that the last holders of the warranty deed to the said parcel, Sequita Young and Marcus Young, defaulted under the terms of the mortgage allegedly assigned to it, which precipitated the foreclosure procedure which resulted in the issuance of a foreclosure deed to [Wells Fargo] on June 29, 2006, which said deed was recorded in the Office of the Probate Judge of Madison County on September 7, 2006.
“[Wells Fargo] claims superior title and the immediate right to possession of the said parcel as to Defendant Ross and all Defendants who hold, will hold or who have held possession under Defendant Ross’s claim to title and possession which arises from his purchase of the said parcel for delinquent real estate taxes.
“Defendant Ross asserts to the Court that the amount paid into Court by [Wells Fargo] as redemption for the property is not an adequate sum under the redemption statues of the State of Alabama. Defendant Ross also alleges that [Wells Fargo] has in other ways
failed to comply with the statutory method for redeeming real property, and thus there is a genuine dispute with regard to which party holds superior title and the right of immediate possession of the said parcel of real property.
[[Image here]]

“Given the current state of the title to said parcel of real property, the Court, upon preliminary consideration of [Wells Fargo’s] motion finds that whether [Wells Fargo] succeeds on the merits of its claim is not at all clear at this point in the proceedings and that due to this fact, does not find that all of the necessary prerequisites to the issuance of an injunction lie at this time.

[[Image here]]
“The foregoing matters and authority having been considered by the Court, the following is hereby ORDERED:
“[Wells Fargo’s] motion for preliminary injunctive relief is hereby DENIED....”
(Emphasis added; footnotes omitted.)
In October 2011, Wells Fargo again filed a motion for a summary judgment with a supporting brief and documentation. In February 2012, Wells Fargo filed a supporting affidavit and documentation. In both instances, Wells Fargo failed to correct the title-documentation problem noted in the February 19, 2009, order; it continued to submit copies of the erroneous mortgage assignment not associated with the property at issue in this case.
In December 2011, Ross, represented by legal counsel, filed what he referred to as an “answer” to Wells Fargo’s summary-judgment motion, along with a supporting affidavit and documentation. In March 2012, Ross filed a second “answer” to Wells Fargo’s summary-judgment motion, along with supporting affidavits and documentation; that supporting material in- *222 eluded, among other things, a copy of the February 19, 2009, order. In his second “answer,” Ross requested, among other things, that the trial court “deny [Wells Fargo’s summary-judgment] motion due to the failure of [Wells Fargo] to provide uncontroverted material facts that make a showing of [its] title and redemption from tax sale of the property in question that supports [its] request for possession.” Ross also maintained that “[Wells Fargo] has not made a prima facie showing that it is vested with a title that gives it a right to recover possession of the property. [Ross] has provided substantial evidence that his right to possess the property has not been terminated.”
Shortly thereafter, also in March 2012, Wells Fargo, represented by different legal counsel, filed what it referred to as a “reply” to Ross’s “answer”; that “reply,” among other things, added an argument that Ross’s challenge to its certifícate of redemption was not timely. Ross filed an “answer” to “the new issue raised by [Wells Fargo].”
The trial court conducted a hearing on Wells Fargo’s summary-judgment motion on May 24, 2012, and entered a summary judgment in favor of Wells Fargo on June 27, 2012; in that judgment, the trial court determined:
“This cause came before the Court for hearing on [Wells Fargo’s] Motion for Summary Judgment on May 24, 2012, both parties having appeared. Based upon the pleadings and all matters submitted in support of and in opposition to said motion, the Court is of the opinion that there is no genuine issue as to any material fact, and [Wells Fargo] is entitled to judgment as a matter of law. Accordingly, judgment is entered in favor of [Wells Fargo] and against Defendant.
“IT IS further ORDERED, ADJUDGED AND DECREED that [Wells Fargo] is entitled to immediate possession of the real estate described in the Complaint ..., for which a writ of possession shall immediately be issued in accordance with Alabama law.
“Upon the filing of a Writ of Execution by [Wells Fargo], the sheriff is hereby directed to remove, set out and evict the Defendant(s) from the property referenced above.
“Neither [Ross and the other] Defendants) nor any of their agents shall dispose of or alter the property described above, and if [Ross and] the [other] Defendant(s) or their agents do dispose of or alter the property they maybe subject to punishment for contempt of Court.
“The Defendant, Howard Ross[,] nor other Defendants!,] have further right to possession of the property.
“All rights, title and interest in and to the property ... are vested in [Wells Fargo].
“Further, no additional monetary amount is owed to Defendant, Howard Ross, or to any of his agents or assigns, including insurance payments and preservation improvements. The property has been redeemed as per the Certificate of Redemption filed as Exhibit ‘F’ with the Motion for Summary Judgment in this action. As such, said redemption of the subject property is complete.”
Ross timely filed a postjudgment motion maintaining that “[Wells Fargo] did not have proper title to the property in question and never completed the process of redemption from tax sale that would have entitled it to a judgment for redemption.” The trial court denied Ross’s post- *223 judgment motion on July 29, 2012.[2] Ross timely appealed to our supreme court, and the supreme court transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Regarding the standard of review of a summary judgment, this court has stated:
“ ‘We review a summary judgment de novo, applying the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P. The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992).’ ”
Barrett v. Lee Brass Co., 883 So.2d 227, 228 (Ala.Civ.App.2003) (quoting Bailey v. R.E. Garrison Trucking Co., 834 So.2d 122, 123 (Ala.Civ.App.2002)).
The dispositive issue on appeal, in essence, is whether there exists a genuine issue of material fact regarding Wells Fargo’s title to the property and whether it had the power to foreclose and sell the property when it initiated the foreclosure proceedings. Ross contends that Wells Fargo failed to make a prima facie case as to this issue and that, therefore, the summary judgment is due to be reversed. We agree.
In its brief to this court, Wells Fargo concedes that it never corrected the title-documentation error noted in the February 19, 2009, order and, thus, that its own evidence (i.e., the erroneous mortgage assignment not associated with the property) demonstrates that there is a genuine issue of material fact regarding Wells Fargo’s title to the property and whether it had the power to foreclose and sell the property when it initiated the foreclosure proceedings. Wells Fargo concedes that this judgment should be reversed and the cause remanded for what it maintains is further development of the record, citing Byrd v. MorEquity, Inc., 94 So.3d 378 (Ala.Civ.App.2012) (plurality opinion) (reversing the trial court’s summary judgment where a genuine dispute existed as to the purported mortgage assignee’s lack of authority to initiate the foreclosure proceedings). We conclude that the parties are correct and that Wells Fargo failed to make a prima facie case that it was the assignee of the mortgage and had the authority to initiate the foreclosure proceedings and to sell the property at issue.
Based on the foregoing, and in light of the existence of the genuine issue of material fact regarding Wells Fargo’s title and whether it had the authority to initiate the foreclosure proceedings through which it currently claims title and the right of possession to the property, the summary judgment entered by the trial court in favor of Wells Fargo is reversed, and the cause is remanded for further proceedings consistent with this opinion.[3]
REVERSED AND REMANDED.
*224 THOMAS, MOORE, and DONALDSON, JJ., concur.
PITTMAN, J., recuses himself.

. During the proceedings below, certain defendants were dismissed without prejudice. Wells Fargo also amended its complaint several times and added certain other defendants. Ultimately, default judgments were entered against most of the other defendants, and the summary judgment disposed of the issues involving the other remaining defendants.

. We note that, while this case was pending for more than four years at the trial-court level, the case was assigned to at least three different trial judges.

. Because we reverse the judgment on this threshold issue, we pretermit a discussion of the other issues raised on appeal.