MURDOCK, Justice.
Ann Louise Whitty, Tratillia T. McCall, and other plaintiffs in this class action filed against Montgomery County (“the County”) and Janet Buskey,[1] in her official ca *1016 pacity as Montgomery County Revenue Commissioner (“the revenue commissioner”), appeal from a dismissal of their action by the Montgomery Circuit Court. We affirm in part and reverse in part.

I. Facts and Procedural History

Whitty and McCall, on behalf of themselves and a purported class of similarly situated property owners, filed this action seeking certification of a class of
“all similarly situated persons who own property in Montgomery County, Alabama, which was sold to pay delinquent ad valorem taxes and which sale produced an excess over the taxes, interest, penalties and costs due and which excess is either still being held by Montgomery County or which excess has generated interest that is still being held by Montgomery County.”
Section 40-10-28, Ala.Code 1975, governs the disposition of excess funds paid to redeem property sold for nonpayment of taxes. It provides, in pertinent part:
“The excess arising from the sale of any real estate remaining after paying the amount of the decree of sale, and costs and expenses subsequently accruing, shall be paid over to the owner, or his agent, or to the person legally representing such owner, or into the county treasury, and it may be paid therefrom to such owner, agent or representative in the same manner as to the excess arising from the sale of personal property sold for taxes is paid.”
Section 40-10-28 further provides that if the excess amount is not claimed by the person entitled to receive it within three years, the county commission can order the excess placed in the general fund of the county in which the property is located. In that event, if a person provides proof to the county commission within 10 years thereafter that he or she is the rightful owner of the excess funds, the county commission may order the funds paid to the owner or to his or her heir or legal representative. If the funds are not paid within that 10-year period, they become the property of the county.
When a purchaser bids an excess amount at a tax sale and that bid is accepted, the revenue commissioner’s office deducts the amount of the delinquent taxes, late fees, and penalties from that amount and sends the remaining excess funds to the county commission. If the property sold at a tax sale is redeemed, the practice of the County is to pay the excess funds from the sale of the property to the party redeeming it. Pursuant to § 40-10-122(a), Ala.Code 1975, the redeeming party must pay the purchase price of the property, 12% interest per annum on the delinquent taxes, and 12% interest per annum on the excess portion of the bid (up to 15% of the value of the property). When the party redeeming the property pays the amount necessary to redeem, the County then reimburses the purchaser of the property at the tax sale. The practice of the County also is to retain the interest that accrues on the excess funds while it is holding those funds. If the property sold at a tax sale is not redeemed, then the excess funds can be claimed from the County with the appropriate proof of the right to the funds as provided in § 40-10-28.
In the original complaint, Whitty alleged that she
“owns property located at — E. Woodland Drive, Montgomery, Alabama 36105. Ms. Whitty’s Woodland Drive property was sold for an overbid at a tax *1017 sale in May of 2005 for past-due 2004 property taxes. Ms. Whitty redeemed her Woodland Drive property on March 30, 2006. The property was sold again for taxes in May of 2007. Ms. Whitty has not yet redeemed her property from the 2007 tax sale.”
Whitty also alleged that she “owns property located at — Collinwood [Avenue] in Montgomery County, which was sold for an overbid at a tax sale in May of 2007. Whitty has not yet redeemed her Collin-wood [Avenue] property.” The complaint contained no allegation regarding any tax sale of the Collinwood Avenue property prior to 2007.
In the original complaint, McCall alleged that she “owns property at-Old Powder Springs Road, Montgomery, Alabama 36116” and that “Ms. McCall’s property was sold for an overbid in May of 2006. McCall redeemed her property on September 18, 2006.”
After Whitty and McCall filed their complaint, the trial court scheduled a hearing as to the issue of class certification. In the course of discovery, the defendants produced documents inconsistent with some of the facts alleged by Whitty. Specifically, regarding the Whitty property on East Woodland Drive, tax records indicated that there was no excess bid on the tax sale of the property in either of the tax sales referred to in the complaint. As to the Whitty property on Collinwood Avenue, there was an excess bid in the tax sale of 2007, but not in any pertinent year prior to that.
Doubt as to Whitty’s ability to assert a claim in her name as to the excess bid and interest thereon resulting from the 2007 tax sale of the Collinwood Avenue property, however, arises from the presence in the record of a quitclaim deed appearing to show that, before that tax sale, Whitty conveyed her interest in the property to Riley Leon Smith. Presumably because of this fact, Whitty does not take the position on appeal that the trial court erred in dismissing her claims in relation to the 2007 tax sale of the Collinwood Avenue property.
Regarding the McCall property on Old Powder Springs Road, however, the Montgomery County records showed that an excess amount had been paid in the May 2006 tax sale; the records also indicated that the property was redeemed on September 18, 2006, by Pioneer Land Title Company (“Pioneer”), not by McCall. Subsequently, the County paid the excess amount (although not the interest) to Pioneer.
After defendants’ counsel presented documentation showing the above-related information to plaintiffs’ counsel, plaintiffs’ counsel informed defendants’ counsel that Whitty and McCall would be dismissed as plaintiffs and that new plaintiffs would be substituted as class representatives in an amended complaint. After a couple of months passed, Whitty and McCall remained in the case, and no new plaintiffs had been added. The County and the revenue commissioner filed a motion to dismiss, arguing that Whitty and McCall had failed to comply with the court’s scheduling order and had failed to prosecute the case.
A week after the County and the revenue commissioner filed their motion to dismiss, Whitty and McCall filed their first amended complaint naming new plaintiffs and responding to the motion to dismiss; they argued that because they had amended the complaint, the motion to dismiss should be denied or deemed moot. Ten days later, they filed their second amended complaint naming additional plaintiffs.
The County and the revenue commissioner moved to dismiss and/or to strike *1018 the amended complaints, arguing that Whitty and McCall lacked “standing” to pursue the claims in the original complaint and, therefore, that the trial court lacked subject-matter jurisdiction over the action at its outset. The County and the revenue commissioner also contended that the original complaint filed by Whitty and McCall should be dismissed. (They also argued that the new plaintiffs could attempt to file their own action.) The trial court denied the motion to dismiss and/or to strike.
Whitty and McCall filed three additional amended complaints naming additional plaintiffs. Eventually, the plaintiffs did file a motion to voluntarily dismiss Whitty and McCall and to substitute new class representatives. The motion stated:
“COME NOW THE PLAINTIFFS and move this Honorable Court to dismiss Plaintiffs Annie Louise Whitty and Tratillia T. McCall and substitute Jake Williams, Mary Berry, Lisa Rone, Patrick Bozeman, George Jones, Vanessa Jones, and Aleda M. Bozeman as Plaintiffs and Class Representatives as set forth in Plaintiffs’ First Amendment to Complaint, Plaintiffs’ Second Amendment to Complaint, and Plaintiffs’ Fourth Amendment to Complaint.”
(Capitalization in original; emphasis added.) The trial court granted this motion.
Subsequently, another amended complaint was filed seeking a writ of mandamus against the county commission and the revenue commissioner. On the same day, however, the defendants filed a “Motion to Dismiss this Action in its Entirety Pursuant to [Ala. R. Civ. P.] 12(b)(1) and 12(h)(3) for lack of Subject Matter Jurisdiction.” In the motion, the defendants argued that because Whitty and McCall never had “standing” to assert the claims in the original complaint, they could not have amended the complaint to add additional plaintiffs who purportedly did have standing.
The plaintiffs filed a response in opposition to the motion to dismiss in which they contended that McCall had “standing” to bring this action when it was commenced because (a) she was the property owner and (b) an excess amount had been paid in the May 2006 tax sale of her property. The plaintiffs contended that Pioneer was acting as McCall’s agent when it redeemed the property on Old Powder Springs Road. The response noted that even if the County returned the original excess amount on the tax sale to Pioneer, it did not return the interest earned on that amount and that, therefore, McCall had been injured by the defendants’ actions under § 40-10-28. In support of this contention, McCall cited the “Certificate of Redemption” for the property that the defendants had submitted in support of their motion to dismiss, which stated, in part:
“NOW, THEREFORE, I SARAH G. SPEAR,[2] REVENUE COMMISSIONER OF THE SAID COUNTY OF MONTGOMERY BEING SATISFIED THAT THE SAID TRATILLIA MCCALL BY ATTY IS THE OWNER OF SAID PROPERTY, AND HAS A RIGHT TO REDEEM THE SAME, DO HEREBY CERTIFY THAT THE SAID TRATILLIA MCCALL BY ATTY HAS DEPOSITED WITH ME, ON THIS 20 DAY OF SEPTEMBER 06, $10876.97 DOLLARS FOR THE REDEMPTION OF THE FOLLOWING REAL ESTATE: ....”
(Emphasis added.) The plaintiffs made no argument in their response concerning Whitty’s “standing.”
*1019 In their reply to the plaintiffs’ response, the defendants admitted that Pioneer was McCall’s agent, but they argued that
“[a]fter redemption, and in accordance with 40-10-28, the Revenue Commissioner paid the excess funds from the sale of the McCall property over to Pioneer Land Title, (who McCall admits was her agent). This was permissible and perfectly legal and appropriate pursuant to § 40-10-28 which gives the Revenue Commissioner discretion to pay the excess funds to the owner, the agent for the owner, or place the funds in the county treasury.”
In a hearing on the motion to dismiss, counsel for the plaintiffs contended that Whitty had “standing” at the outset of the action because (a) there had been a tax sale on the Collinwood Avenue property in May 2005 and (b) an excess of over $4,000 was paid in the sale. Counsel contended that Whitty redeemed the property in April 2006 through her brother acting as her agent but that the County never returned the interest on the excess to Whitty.
In the same hearing, counsel for the defendants objected that the allegations in the complaint did not mention the 2005 tax sale of the Collinwood Avenue property and so that sale should not be considered. The trial court agreed. At the conclusion of the hearing, the trial court stated: “Well, my conclusion is that Ms. Whitty didn’t have standing to start with from at least what I have seen today. McCall may have, but it may be the County has satisfied its obligation. So I am going to take a look at that.” The same day, the trial court entered a short order granting the motion to dismiss as to both Whitty and McCall without further explanation.
The plaintiffs filed a “Motion to Reconsider,” which solely argued that McCall had “standing” at the outset of the litigation. In the motion, the plaintiffs argued that “as the undisputed documents from Montgomery County demonstrate, Ms. McCall satisfied all of the criteria necessary to pursue a claim for interest that should have been paid to her resulting from the overbid paid on her specific piece of property.” The plaintiffs added that “[t]he issue of whether or not Ms. McCall was entitled to interest goes to the merits of the case. It has nothing to do with whether or not Ms. McCall had standing to bring the claim.” (Emphasis in original.) In the hearing oh the motion to reconsider, counsel for the plaintiffs stated that they were not making an argument with regard to Whitty, only with regard to the standing of McCall as a plaintiff. The trial court denied the motion, stating that it was “denied after review of all the pleadings.”

II. Analysis

At the outset, the plaintiffs contend that Whitty and McCall were dismissed from the action below solely as class representatives and not as plaintiffs. The motion they filed with the trial court, however, was styled as a “Motion to Voluntarily Dismiss Plaintiffs Whitty and McCall and Substitute New Plaintiffs and Class Representatives.” Further, the text of the motion stated that the new plaintiffs moved “to dismiss Plaintiffs Annie Louise Whitty and Tratillia T. McCall and substitute Jake Williams, Mary Berry, Lisa Rone, Patrick Bozeman, George Jones, Vanessa Jones, and Aleda M. Bozeman as Plaintiffs and Class Representatives as set forth in Plaintiffs’ First Amendment to Complaint. ...” (Emphasis added.) The trial court granted the motion. The motion is unequivocal in seeking the dismissal of Whitty and McCall both as plaintiffs and as class representatives. Therefore, we find no merit to the plaintiffs’ argument *1020 that those two individuals were dismissed only as class representatives.
The plaintiffs further contend that both Whitty and McCall had standing at the outset of this action. Specifically, they argue that Whitty and McCall satisfied the criteria necessary to pursue their claims for excess funds and related interest on tax sales of properties they owned. They contend that for each one it was alleged and demonstrated that there was ownership of one or more particular properties, that Whitty and McCall became delinquent in paying property taxes on those properties, that the County sold the properties in tax sales and obtained excess bids on those sales, that Whitty and McCall redeemed those properties, and that the County failed to return the “excess” on those tax sales to Whitty and McCall.
Specifically with regard to Whitty, however, the plaintiffs make no argument on appeal challenging the dismissal of the complaint insofar as it asserted a claim by Whitty concerning the Woodland Drive property (presumably because there was no excess bid in the tax sales of that property). They do challenge the dismissal of the complaint in relation to the Collin-wood Avenue property; however, their contention in this regard is that an excess amount had been paid in a tax sale in 2005 with respect to that property. We find no basis for reversal of the judgment of the trial court on this ground, however, given the absence of any allegation in the complaint regarding the 2005 tax sale of the Collinwood Avenue property.
Presumably because of the prior conveyance of the Collinwood Avenue property to a third party, the plaintiffs do not take the position on appeal that the trial court erred in dismissing Whitty’s claims in relation to the 2007 tax sale of the Collinwood Avenue property, the only tax sale of the Collinwood Avenue property referenced in her complaint. We decline to take that position for the plaintiffs; accordingly, we decline to reverse the trial court’s dismissal of the action insofar as its continued viability depends in any way on the claims originally asserted by Whitty.
With regard to whether McCall had “standing” at the outset of the litigation (and whether, therefore, the complaint filed by McCall could be amended to add additional plaintiffs), the plaintiffs argue that McCall had “standing” because (a) she was the property owner and (b) an excess amount had been paid in the May 2006 tax sale. The defendants contend, however, that McCall was “not injured by the alleged wrong[ ] set forth in the Complaint because Montgomery County showed that there [was] no excess bid[ ] being held” with respect to her property. In making this argument, the defendants presume an answer to the central legal question that is the subject of the claim originally alleged by McCall — whether interest is owed her on the excess under Alabama law. Put differently, the defendants presume an answer to a legal question bearing on whether McCall alleged a claim upon which relief could be granted under Alabama law. Admittedly, the defendants take the position that they returned the principal amount of the excess to Pioneer when it redeemed the property and that no further moneys are owed. For present purposes, however, the essential point of McCall’s claim was that § 40-10-28 should be construed to require the payment to her of “interest” collected by the County on that excess.
That said, the aforesaid questions as to McCall’s claims simply were not questions of “standing” on her part to assert those claims, but rather were questions as to the legal merits of those claims. That is, they were questions concerning whether McCall’s complaint stated claims upon which relief could be granted under Ala *1021 bama law. We have previously observed that “our courts too often have fallen into the trap of treating as an issue of ‘standing’ that which is merely a failure to state a cognizable cause of action or legal theory, or a failure to satisfy the injury element of a cause of action.” Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1219 (Ala.2010). See also Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89 (Ala.2010) (quoting and relying upon Wyeth for the above-stated principle); Ex parte Kohlberg Kravis Roberts & Co., 78 So.3d 959, 979 (Ala.2011) (quoting at length from Wyeth with approval). In Ex parte BAC Home Loans Servicing, LP, [Ms. 1110373, Sept. 13, 2013] — So.3d - (Ala.2013), this Court rejected the notion that questions such as those raised by the defendants in the present case as to McCall’s claims present a “standing” issue rather than a “cause of action” issue. Accordingly, we hold that the trial court erred in dismissing the plaintiffs’ claims on the ground that McCall lacked “standing” and, therefore, that the trial court lacked subject-matter jurisdiction over her complaint so as to foreclose any amendments to that complaint adding other plaintiffs. Any question as to merit of the plaintiffs’ claim for interest (both individually and on behalf of the purported class they seek to represent) is not before us.[3]

III. Conclusion

For the reasons explained above, we affirm the trial court’s dismissal of the complaint insofar as it relates to the claims alleged by Whitty and McCall. We reverse the judgment of the trial court, however, insofar as it also includes a dismissal of the claims of the additional plaintiffs added by amendments to the original complaint. The trial court was not without subject-matter jurisdiction over the claims originally alleged by McCall; therefore, the various amendments to the complaint adding additional plaintiffs were viable. The cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, SHAW, WISE, and BRYAN, JJ., concur.
MAIN, J., dissents.

. At the time the original complaint was filed in this case, Sarah G. Spear was serving as revenue commissioner in Montgomery County and was named as a defendant. Thereafter, *1016 Janet Buskey assumed the position of Montgomery County Revenue Commissioner, and she was automatically substituted for Spear as a defendant. See Rule 25(d), Ala. R. Civ. P.

. As noted, Sarah G. Spear preceded Janet Buskey as revenue commissioner for Montgomery County. See supra note 1.

. On appeal, the defendants acknowledge that McCall, not Pioneer, was the "owner” of the property in question under § 41-10-28 because she was "the person against whom taxes on the property are assessed.” Nonetheless, they assert that, if Alabama law recognizes a claim to interest on excess funds, it is a claim that belonged to Pioneer as the redeeming party rather than to McCall as the "owner" of the property. Of course, Pioneer has brought no action to assert such a claim. Whether this was a "cause of action” issue or a “real party in interest” issue, and the ramifications of that choice, is an issue not before us. Clearly, however, it was not a "standing” issue that supported a dismissal of the complaint under Rule 12(b)(1), Ala. R. Civ. P. See Ex parte BAC Home Loans Servicing, LP, supra; see also Ex parte McKinney, 87 So.3d 502, 509 n. 7 (Ala.2011) (acknowledging the appellate courts have occasionally been guilty of " ' "blurr[ing]” ' the lines between the distinct concepts of standing and real party in interest”).