MURDOCK, Justice.
Jeffery S. Rhodes and Allison E. Rhodes petition this Court for a writ of mandamus directing the Covington Circuit Court to dismiss the ejectment action filed against them by the Federal National Mortgage *317 Association (“Fannie Mae”). We deny the petition.

I. Procedural History

The relevant facts for disposition of this mandamus petition are not disputed and include the following:
“On or about March 12, 2012, [the Rhodeses] received a letter dated March 7, 2012 from the law firm of McFadden, Lyon & Rouse, L.L.C. stating that ‘Bank of America, N.A., has instructed our law firm to proceed with foreclosure of the [Rhodeses’] mortgage.’ The letter further stated, ‘[t]he creditor to whom the debt is owed is Federal National Mortgage Association, by and through its servicing agent, Bank of America, N.A.’
“[The Rhodeses] received another letter from the above law firm dated April 4, 2012, disclosing the firm’s intent to foreclose on [the Rhodeses’] property on May 1, 2012 ‘on behalf of Bank of America, N.A.’ The enclosed Foreclosure Notice also identified [Bank of America] as the mortgagee invoking the power of sale contained in the mortgage to foreclose.
“The foreclosure sale took place on June 4, 2012, whereat the auctioneer ‘conducted the sale on behalf of the owner of said mortgage; the said Bank of America, N.A., ... under and by virtue of the authority contained in [the] mortgage, do[es] hereby GRANT, BARGAIN, SELL AND CONVEY unto FEDERAL NATIONAL MORTGAGE ASSOCIATION’ the subject property.
“On or about June 16, 2012, [the Rhodeses] received a letter informing them that their property was sold at foreclosure, ‘with Federal National Mortgage Association, being the purchaser,’ and demanding that they vacate and deliver possession of their property.
“On June 25, 2012, [Fannie Mae] filed the present action for possession of the subject property, basing its standing for ejectment on the aforementioned Auctioneer’s Deed and Demand for Possession.
“On August 24, 2012, [the Rhodeses] filed their Motion to Dismiss asserting that [Fannie Mae] had no standing to bring the present suit.
“On September 17, 2012, [Fannie Mae] filed its Response to [the Rhodes-es’] Motion to Dismiss. [The Rhodeses] filed their Reply to said Response on October 1, 2012.
“The trial court heard oral argument regarding standing and subject matter jurisdiction on October 2, 2012, and on March 2, 2013, denied [the Rhodeses’] Motion to Dismiss without a written opinion.
“[The Rhodeses] filed a Motion to Stay pending the disposition of the instant Petition for Writ of Mandamus, which was granted on March 26, 2013.”
The Rhodeses’ petition, pp. 3-6 (capitalization in original; footnotes and citations omitted).

II. Standard of Review

“ ‘ “The writ of mandamus is a drastic and extraordinary writ, to be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993); see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala.1995).” Ex parte Carter, [807 So.2d 534,] 536 [(Ala. 2001) ].’
*318 “Ex parte McWilliams, 812 So.2d 318, 321 (Ala.2001).
“‘Subject to certain narrow exceptions ..., we have held that, because an “adequate remedy” exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not renewable by petition for writ of mandamus.’ Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002).”
Ex parte Kohlberg Kravis Roberts & Co., L.P., 78 So.3d 959, 965-66 (Ala.2011). “Mandamus review is available where the petitioner challenges the subject-matter jurisdiction of the trial court based on the plaintiffs alleged lack of standing to bring the lawsuit.” Ex parte HealthSouth Corp., 974 So.2d 288, 292 (Ala.2007).

III. Analysis

The Rhodeses contend in their petition that Fannie Mae lacks “standing” to bring a claim in ejectment because, according to the Rhodeses, the foreclosure deed from Bank of America, N.A., to Fannie Mae was void. The Rhodeses explain in their petition that they
“base their argument on the fact that Bank of America, N.A., ... grantor of the foreclosure deed, did not possess the right to foreclose at the time of sale. Therefore, the resulting deed is void, imparting no standing to [Fannie Mae] to bring an ejectment action and, consequently, leaving the circuit court with no jurisdiction over said action.”
The Rhodeses’ petition, p. 1.
In making the above-quoted argument, the Rhodeses rely for authority upon Byrd v. MorEquity, Inc., 94 So.3d 378 (Ala.Civ. App.2012); Sturdivant v. BAC Home Loans Servicing, LP, [Ms. 2100245, Dec. 16, 2011] — So.3d - (Ala.Civ.App. 2011), reversed, Ex parte BAC Home Loans Servicing, LP, [Ms. 1110373, Sept. 13, 2013] — So.3d- (Ala.2013); and Cadle Co. v. Shabani, 950 So.2d 277 (Ala. 2006).
In our recent decision of Ex parte BAC Home Loans Servicing, this Court expressly rejected the reasoning in Byrd, Sturdivant, and Cadle. The Court agreed with Judge Pittman’s observation in his dissent in Sturdivant that “ ‘Cadle actually presented a question of the plaintiffs inability to prove the allegations of its complaint rather than a question of standing.’ ” Ex parte BAC Home Loans Servicing, — So.3d at - (quoting Sturdivant, — So.3d at-(Pittman, J., dissenting) (emphasis omitted)). We concluded that the same issue the Rhodeses raise in the present case as a basis for their petition for a writ of mandamus — whether the foreclosure sale and the foreclosure deed were invalid — goes to the merits of an ejectment claim, i.e., the ability or inability of a plaintiff in an ejectment action to prove the elements of such a claim, not to the plaintiffs standing to bring that action. As we stated in Ex parte BAC Home Loans Servicing:
“Each of the plaintiffs before us attended a foreclosure auction, was the successful bidder at that auction, paid money for the auctioned property, and received a foreclosure deed to the property. With deed in hand, each plaintiff now brings an action under Alabama law, specifically § 6-6-280(b), Ala.Code 1975, claiming good title to the property at issue and the right to eject the original debtor. We are clear to the conclusion that the trial courts had subject-matter jurisdiction over these causes, including any issue as to the validity in fact of the plaintiffs’ title to the property, this being one of the elements of proof required in an ejectment action.
“If in the end the facts do not support the plaintiffs, or the law does not do so, so be it — but this does not mean the plaintiffs cannot come into court and allege, and attempt to prove, otherwise. *319 If they fail in this endeavor, it is not that they have a ‘standing’ problem, it is, as Judge Pittman recognized in Sturdivant, that they have a ‘cause of action’ problem, or more precisely in these cases, a ‘failure to prove one’s cause of action’ problem. The trial court has subject-matter jurisdiction to ‘hear’ such ‘problems’ — and the cases in which they arise.”
— So.3d at-.
Our analysis in Ex parte BAC Home Loans Servicing applies equally in this case. The defect in the foreclosure process alleged by the Rhodeses does not implicate Fannie Mae’s standing to bring the ejectment action against the Rhodeses or, in turn, the subject-matter jurisdiction of the trial court to entertain that claim. The only basis upon which the Rhodeses seek interlocutory mandamus relief from the order of the trial court denying their motion to dismiss the complaint against them is an alleged lack of subject-matter jurisdiction in the trial court as a result of the alleged lack of standing. Because the problem alleged by the Rhodeses does not implicate subject-matter jurisdiction, we have no basis on which to consider this petition for a writ of mandamus. See, e.g., Ex parte MERSCORP, 141 So.3d 984, 990 (Ala.2013) (explaining that similar cases “[did] not fall within the subject-matter-jurisdiction exception to our general rule that we will not engage in mandamus review of a trial court’s denial of a motion to dismiss”).
Based on the foregoing, the petition is due to be denied.
PETITION DENIED.
MOORE, C.J., and BOLIN, MAIN, and BRYAN, JJ., concur.