MURDOCK, Justice
(concurring specially).
Scottsdale Insurance Company seeks mandamus relief from this Court in regard to the Mobile Circuit Court’s decision to deny its motion to dismiss certain claims against it for lack of standing. I concur in the denial of this petition.
As a general rule, interlocutory appellate review is not available by way of a petition for a writ of mandamus seeking to overturn a trial court’s denial of a motion to dismiss or its denial of a motion for a summary judgment. Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002). Among the exceptions to this general rule is one that allows this Court to consider a petition for a writ of mandamus when the petitioner’s motion asserts a lack of subject-matter jurisdiction in the trial court. Ex parte HealthSouth Corp., 974 So.2d 288, 292 (Ala.2007). Here, Scottsdale Insurance asserts a lack of subject-matter jurisdiction on the ground that Har-Mar Collision, Inc., the plaintiff below, does not have “standing” to file an action alleging breach of contract and bad faith because, according to Scottsdale Insurance, Har-Mar is not a party to the contract at issue.
It may be considered axiomatic, however, that a party who claims a private right of action against another has standing to assert its claim in our courts. The claim may fail for lack of support in the law or in the facts, including, in the case of a claim of breach of contract, a lack of proof of the existence of a contract between the plaintiff and the defendant. Such a failure, however, is a failure on the merits, not a failure of standing on the part of the plaintiff to assert its claim and to attempt to prove the claim. And the prospect of failure of a claim on such grounds certainly does not deprive the trial court of the subject-matter jurisdiction to decide whether a claim properly presented to it does in fact find support in the law and in the facts. Our precedents are now clear to this effect. See Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31 (Ala.2013) (overruling Cadle v. Shabani, 950 So.2d 277 (Ala.2006), and discussing at length the inapplicability of standing as a gatekeeping mechanism in private-law actions, as opposed to public-law actions); Ex parte Rhodes, 144 So.3d 316, 318-19 *2 (Ala.2013); Whitty v. Montgomery Cnty., 141 So.3d 1015, 1020-21 (Ala.2013);. Ex parte MERSCORP, Inc., 141 So.3d 984, 991-92 (Ala.2013); Ex parte Kohlberg Kravis Roberts & Co., 78 So.3d 959, 978-79 (Ala.2011); Steele v. Federal Nat’l Mortg. Ass’n, 69 So.3d 89, 91 n. 2 (Ala.2010); and Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d 1216, 1219-21 (Ala. 2010).