MURDOCK, Justice (dissenting).
The Court today orders answer and briefs in response to a petition for a writ of mandamus filed by Lyon Fry Cadden Insurance Agency, Inc. ("LFC"). The petition asks this Court to reverse an order by the trial court denying LFC's motion to dismiss what is labeled as a "third-party complaint" against it filed by Precision Sand Products, LLC ("Precision"), complaining as to the adequacy of a commercial general-liability insurance policy issued by Nautilus Insurance Company ("Nautilus") and placed by LFC as an agent. I respectfully dissent.
Mandamus relief generally is not available to address a trial court's order denying a motion to dismiss. There is a limited set of issues that constitute exceptions to this general rule, including lack of subject-matter jurisdiction. See Ex parte Rhodes, 144 So.3d 316, 318 (Ala. 2013). None of the grounds for relief urged upon this Court *655 by LFC implicate the subject-matter jurisdiction of the trial court or any other exception for which mandamus review is available. To the contrary, all the grounds for relief go to the merits of the claims asserted against LFC, including either their legal cognizability or Precision's inability to prove the elements of those claims at this juncture.
The only issue in this case that at first blush might appear to be an exception to the general rule is whether Precision's claims against LFC are "ripe." A lack of ripeness of a claim does in fact implicate the subject-matter jurisdiction of the court. In this case, however, if any of the claims by Precision are premature-and it is not clear to me that all of them are, given that some of them claim that the policy sold to Precision is inadequate and that this inadequacy is causing Precision presently to have to defend a declaratory-judgment action in federal court brought by Nautilus challenging coverage and to have to hire separate counsel in the underlying state-court action-that prematurity is not in the nature of a jurisdictional defect. It, rather, is more properly considered simply as an issue whether Precision can at this time prove all the elements of its claim against LFC. As I noted in my special writing in Ex parte Safeway Insurance Co. of Alabama, 990 So.2d 344 (Ala. 2008) :
"If we ... are to attach the label of 'ripeness,' then, at a minimum, we should recognize that we are in fact using that concept to measure the substantive sufficiency of the plaintiff's claim, or at least the substantive sufficiency of the plaintiff's proof at this juncture, that a wrongful act or decision by the insurer already has occurred. I believe we unnecessarily confuse our jurisprudence, and set a precedent that may have unforeseen consequences in future cases, to go the further step of holding that this brand of ripeness implicates the trial court's [subject-matter] jurisdiction."
990 So.2d at 354 (Murdock, J., concurring in the result).
I therefore respectfully dissent as to ordering answer and briefs in this case.