**UNISON REALTY CORPORATION and Palmer Realty Co., Plaintiffs,**

v.

**RKO THEATRES, INC., et al., Defendants.**

United States District Court
S. D. New York.
March 26, 1964.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, Harry I. Rand, Leonard Lipschutz, New York City, of counsel, for plaintiffs.

O'Brien, Driscoll & Raftery, New York City, Edward C. Raftery, George A. Raftery, of counsel, for defendants RKO Theatres, Inc., List Industries Corporation.

Regan, Goldfarb, Powell & Guinn, New York City, Sidney P. Howell, Jr., New York City, of counsel, for RKO Teleradio Pictures, Inc.

WYATT, District Judge.

The motion is by defendants RKO Theatres, Inc. and List Industries Corporation to dismiss the complaint "on the ground that plaintiffs are not the real parties in interest".

Plaintiffs here are two New York corporations, Unison and Palher.

Movants point out that after the action was commenced on September 8, 1959, Palher assigned the claim in suit to Brecher Theatres, Inc.

Movants also point out that after the action was commenced Unison was dissolved and its assets distributed to its two stockholders, Leo Brecher and Frank Schiffman; movants conclude from this that the claim in suit was assigned to Brecher and Schiffman.

Apparently the plaintiffs do not dispute the foregoing and for purposes of this motion it will be assumed that the claims in suit have been assigned. While perhaps not legally relevant at this time, it may be noted that the same interests seem to be behind the assignees as were behind the assignors.

Jurisdiction of this action for alleged violation of the anti-trust laws is based on 15 U.S.C. §§ 1, 2, 15 and 26 and on 28 U.S.C. § 1337.

Rule 25(c) provides as follows:

"(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."

This seems to cover the present situation precisely and permits the action to be "continued by * * * the original party" unless on motion the transferee is substituted in the action. There has been no such motion and no substitution and thus the original parties—Unison and Palher—may continue the action. It is not disputed that a dissolved New York corporation may under New York law continue an action pending at dissolution. Business Corporation Law § 1006, and predecessor enactments.

Movants rely on Fed.R.Civ.P. 17 (a) requiring that an action be "prosecuted in the name of the real party in interest". This may control as to the commencement of an action but Rule 25 (c) controls where transfer is made during the pendency of an action.

The suggestion for movants in the reply memorandum and in oral argument that this situation is affected by the provisions of Fed.R.Civ.P. 25(a) ap-

plicable when "a party dies" cannot be accepted. Rule 25(a) clearly refers to the death of a natural person and does not apply when a corporation dissolves. Movants quote Judge Hough that dissolution of a corporation "is equivalent to the death of a natural person". Imperial Film Exch. v. General Film, 2 Cir., 244 F. 985, 986. Dissolution may be "equivalent" in such situations as that before Judge Hough but this certainly does not mean that when "death", "dies" and the like words are used in statutes and in rules their normal and ordinary meaning is to be expanded to include dissolution of corporations.

Motion denied.

So ordered.