**FRONING'S, INC., an Iowa Corporation, Appellee,**

**v.**

**JOHNSTON FEED SERVICE, INC., a Delaware Corporation, Appellant.**

**Nos. 77–1107 and 77–1108.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1977.

Decided Jan. 5, 1978.

Max Putnam, Des Moines, Iowa (argued), William L. Meardon, Iowa City, Iowa, and David M. Elderkin, Cedar Rapids, Iowa, on briefs, for appellant.

David H. Sivright, Jr., Clinton, Iowa, argued and filed brief, for appellee.

Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.

WEBSTER, Circuit Judge.

Johnston Feed Service, Inc., appeals from two judgments against it for failure to deliver corn and beans in accordance with its contract. We affirm.

Appellee Froning's, Inc., is an Iowa corporation which operated a grain elevator and terminal on the Mississippi River at Clinton, Iowa. Appellant Johnston Feed Service, Inc., a Delaware corporation doing business in Carroll County, Illinois, also operated a grain elevator and sold corn and soybeans to Froning's. As a result of their dealings, Froning's, Inc., brought two actions in state court against Johnston Feed— one claiming damages for breach of contract as a result of nondelivery on a corn contract and the other claiming damages for breach of implied warranty in the delivery of a quantity of soybeans. Johnston Feed counterclaimed in the soybean case for the unpaid balance of the contract price.

The cases were removed to the District Court[1] and were consolidated for trial. The issues were submitted to a jury, which found in favor of Froning's, Inc., on its claim in the corn case. In the soybean case, the jury found against Froning's, Inc., on its claim of breach of implied warranty but also found against Johnston Feed on its counterclaim. The District Court entered judgment in favor of Froning's, Inc., in the amount of $138,131.08 plus interest.

On appeal, appellant contends (1) that the District Court lost jurisdiction to hear the case by reason of the liquidation of Froning's, Inc., and (2) that Froning's, Inc., failed to prove tender of consideration, which was a condition precedent to appellant's obligation to deliver.

I.

Testimony during trial revealed that subsequent to the filing and removal of the

---

1. The Honorable William C. Stuart, United States District Court for the Southern District of Iowa. Jurisdiction was based upon diversity of citizenship. 28 U.S.C. § 1332.

case the sole shareholder of Froning's, Inc., died, and the causes of action involved here were assigned to the executors of his estate pursuant to a plan of liquidation under which the corporation was dissolved. Johnston Feed then made a motion for a directed verdict on the ground that the action was not being prosecuted by the real party in interest. Because Froning's, Inc., was clearly the proper real party in interest at the time the action was commenced, the procedure to be followed in this situation is governed by Fed.R.Civ.P. 25(c) dealing with the substitution of parties due to a transfer of interest.[2] *Unison Realty Corp. v. RKO Theatres, Inc.,* 35 F.R.D. 232 (S.D.N.Y. 1964); 3B Moore's Federal Practice ¶ 25.08 at 25–321 (2d Ed. 1977); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1958 at 663 (1972).

■ Johnston Feed made no motion under this rule to substitute the assignees as plaintiffs.[3] In the absence of such a motion it is not error to continue the action in the name of the original parties. *Mason-Rust v. Laborers' International Union of North America, Local 42,* 435 F.2d 939, 949 (8th Cir. 1970) (Lay, J., concurring); *Unison Realty Corp. v. RKO Theatres, Inc., supra,* 35 F.R.D. at 233; *Liberty Broadcasting System, Inc. v. Albertson,* 15 F.R.D. 121, 122 (W.D.N.Y.1953); 3B Moore's Federal Practice ¶ 25.08 at 25–324 (2d Ed. 1977).[4]

2. Rule 25(c) provides:

(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

3. During the discussion that occurred at the time of appellant's motion for a directed verdict, the attorneys for Froning's, Inc., stated that, although they did not believe substitution was required by Rule 25(c), they would so move if the court felt it was necessary. Rule 25(c) requires a motion for substitution to be made and served with certain formalities, *see* note 2 *supra,* and Johnston Feed acknowledges in its brief that the District Court did not have a proper motion for substitution before it.

■ Dissolved corporations have been allowed to maintain suits when the dissolution does not abate their authority to do so under state law. *Unison Realty Corp. v. RKO Theatres, Inc., supra;* see *National Council of Young Israel, Inc., v. Feit Co.,* 347 F.Supp. 1293, 1295 n. 4 (S.D.N.Y.1972); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1958 at 663–64 (1972). The ability of an Iowa corporation to maintain a suit subsequent to its dissolution is recognized by Iowa Code Ann. § 496A.102 (West 1962), which states that dissolution does not "take away or impair any remedy available to" the corporation if suit is commenced within two years after the date of dissolution and that any action "may be prosecuted or defended by the corporation in its corporate name."

The District Court denied the motion of appellants for a directed verdict, holding that the action could be maintained in the name of Froning's, Inc. It also ordered, pursuant to agreement by appellee's counsel, that the successors in interest of the dissolved corporation should be liable for any counterclaim recovery. Appellant was fully protected from the effect of the assignment. We find no error or abuse of discretion here.

## II.

■ Appellant contends that Froning's, Inc., is precluded from maintaining the action in the corn case because it never ten-

4. The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves. *McComb v. Row River Lumber Co.,* 177 F.2d 129, 130 (9th Cir. 1949); 3B Moore's Federal Practice ¶ 25.08 at 25–322 (2d Ed. 1977); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1958 at 664–67 (1972). Appellant's contention that it could be prejudiced by double recoveries, one by Froning's, Inc., and one by the assignees of the claim, is in error because any judgment recovered by Froning's, binds the assignees, *see, e. g.,* 3B Moore's Federal Practice ¶ 25.08 at 25–325 (2d Ed. 1977), and the successors in interest agreed below to be bound by the judgment.

dered payment as required by Iowa Code Ann. § 554.2511(1) (West 1967), which provides:

Unless otherwise agreed tender of payment is a condition to the seller's duty to tender and complete any delivery.

Iowa Code Ann. § 554.1205 (West 1967), however, establishes that a course of dealing between the parties can serve to supplement the terms of an agreement. *See* J. White & R. Summers, Uniform Commercial Code § 3–3 at 84–88 (1972). Because the price Froning's, Inc., was required to pay for the corn could not be determined until the corn had been delivered, inspected, and graded, it was under no obligation to tender payment until those events had taken place. This was the standard procedure followed by these parties in grain transactions.[5] Moreover, the evidence indicates that Johnston Feed would not have delivered the corn even if Froning's had tendered payment and a tender is not required if it would be a futile gesture. *See, e. g., Figge v. Clark*, 174 N.W.2d 432 (Iowa 1970). On these facts, Froning's, Inc., was not precluded from maintaining this suit by the absence of a tender of payment.

The judgment is affirmed.

---

5. We express no opinion on appellee's contention that the pattern of payment three to eight days following delivery established a course of dealing with respect to these transactions.