EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves the interpretation and application of ARCP rule 25(c) as to a corporate merger of a party plaintiff corporation during the pendency of the civil action.
In July, 1978, American Credit Company of Alabama, Inc. (the Alabama corporation), sued several parties, Jack Yarber Ford, Inc. (Yarber) being one of them. The Alabama corporation merged with six foreign corporations into a North Carolina corporation in July, 1979. The name of the continuing corporation was changed to Barclays American/Credit, Inc. (Barclays). After a nonju-ry trial, a judgment was entered in December, 1980, for the Alabama corporation and against Yarber and another defendant for almost $9,000.
The trial court granted Yarber’s motion for a new trial on the express finding, ruling or ground that, after the filing of this case, the corporate merger occurred and the Alabama corporation thereafter failed to amend its complaint so as to make Barclays the correct party plaintiff. The Alabama corporation appealed. Because of the lapse of much time between the giving of the notice of the appeal and of this opinion, it is appropriate to note that the case was not submitted, for this court’s decision until February 19, 1982.
Rule 17, ARCP, controls as to the commencement of an action by requiring that the action be prosecuted in the name of the real party in interest at that time, but rule 25(c) controls where a transfer of interest is made during the pendency of an action. A corporate merger whereby a corporate party is dissolved constitutes a transfer of interest, and rule 25(c) applies if such merger occurs after the commencement of the civil action, the rule providing as follows:
(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.
Those provisions precisely cover the present situation. That rule allowed this *121 civil action to continue by the sole original plaintiff, the Alabama corporation, unless, on motion, Barclays was ordered substituted, or joined, as a party plaintiff in the action. No such motion was ever made; consequently, no such substitution or join-der of parties was ordered. Therefore, the original plaintiff, the Alabama corporation, had the right under that rule to continue to prosecute the action as originally instituted to and through a judgment. Froning’s, Inc. v. Johnston Feed Service, Inc., 568 F.2d 108 (8th Cir. 1978); Singer Housing Co. v. Seven Lakes Venture, 466 F.Supp. 369 (D.C.Colo.1979); Liberty Broadcasting System v. Albertson, 15 F.R.D. 121 (W.D.N.Y.1953). Had a proper motion been duly made, the trial court would have then possessed the judicial discretion to either substitute Bar-clays as the sole party plaintiff, or to add Barclays as an additional party plaintiff, or to refuse either such substitution or joinder, if that action was deemed to be the wiser course. The Alabama corporation, even though merged, was still a proper party plaintiff. The Upgrade Corporation v. St. Regis Paper Co., 417 F.Supp. 21 (W.D.Ill.1975), affirmed, 541 F.2d 283 (7th Cir. 1976); 7A Wright and Miller, Federal Practice and Procedure, § 1958, p. 663.[1]
Even though Barclays was never made a party plaintiff, the judgment is as binding upon them as if they had been such a party. United States v. Griffith Amusement Co., 94 F.Supp. 747 (W.D.Okla.1950). Yarber is protected from any separate action of Bar-clays against Yarber based upon the same subject matter, controversy, facts, indebtedness or liability here involved. This is especially true since the merger agreement provided, in legal effect, that Barclays would be bound by any judgment such as was here involved.
The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee’s presence would facilitate the conduct of the litigation.
7A Wright and Miller, supra, at p. 664.
Since this case had already proceeded to a judgment, the probable future presence of Barclays as a plaintiff after the granting of the new trial did not facilitate the conduct of the litigation, but, to the contrary, that action of the trial court renewed the litigation which had been duly concluded.
The trial court’s stated reason for the granting of the motion for a new trial was insufficient as a matter of law, and, since none of the other grounds as contained in Yarber’s motion for a new trial have any merit, the trial court abused its discretion in granting a new trial. We reverse and remand.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.

. Such a finding would also be correct under the Alabama Business Corporation Act, which was not applicable during the time frame of this case. § 10-2A~145(b)(5), Code of Ala. 1975, as amended.