At the risk of being thought overly entrenched in matters of semantics, I must take issue with the parties' casting the issue of the plaintiff's right to claim damages as one of standing. But, I submit that analysis of the distinction between the doctrine of standing to sue and the doctrine of real party in interest is important because it clarifies the plaintiff's right to proceed in this action.
The issue of standing normally arises in a case challenging governmental action and it has little utility in an action between private parties. Charles A. Wright, The Law of Federal Courts, 490, n. 2 (5th ed. 1994). When dealing with matters concerning questions of the real party in interest, courts often attempt to draw from cases dealing with the doctrine of standing. 13 C. Wright A. Miller, Federal Practice and Procedure, § 3531 (2d ed. 1990).
Rule 17(a), Ala.R.Civ.P., dealing with the requirement that an action be prosecuted in the name of the real party in interest, applies to issues created by transfers that occur before the commencement of the action. Rule 25(c), Ala.R.Civ.P., dealing with transfers of interest, governs when an interest is transferred during the pendency of an action. American Credit Co. of Alabama, Inc. v. Bradford, 414 So.2d 119 (Ala.Civ.App. 1982).
The complaint alleged that the plaintiff, as an individual, was the party who had suffered injury by the defendants' fraud. Substantial evidence supports the inference that the contract was entered into between the individual and the dealer. The individual was therefore the real party in interest at the time of the transaction. No evidence contradicts the conclusion that the plaintiff was the real party in interest as of the commencement of the action. We therefore have no basis to conclude that Rule 17(a) was violated.
During discovery, evidence suggested a transfer of the business to a sole proprietorship, and at trial evidence suggested a transfer from a proprietorship to a corporation. As previously noted, once a plaintiff complies with Rule 17(a), subsequent transfers are governed by Rule 25(c). Pursuant to the clear language of Rule 25(c), a transfer of interest after the commencement of the action does not warrant dismissal and, unless the court orders a substitution or an addition of the new party alongside the original party, the action may be continued by the original party. See American Credit Co. of Alabama, Inc. *Page 550 
v. Bradford, 414 So.2d at 121 (absence of successor corporation as party plaintiff does not require setting aside judgment for original plaintiff). Allowing this action to proceed after the transfer to a corporation, without joinder of the corporation, raises the prospect that the plaintiff might recover damages to which the corporation alone would be entitled and the prospect that the plaintiff might recover damages to compensate for harm sustained during the period when the business was being operated as a corporation and for which the corporation by reason of its artificial status could not obtain a recovery; but, as noted in the main opinion, such problems are not before us. The sole question raised in regard to the parties' "standing" issue is the right of the individual to proceed, and Rule 25(c) answers that question in his favor.