ENTERED OCT 0 7 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-11-306

CUM-NDM-10-03-14

SUNTRUST MORTGAGE, INC.,

Plaintiff

STATE OF MAINE
Cumberland ss Clerk's Office

OCT 03 2014

RECEIVED

ORDER

v.

LESLIE A. REIS,

Defendant

Before the court is defendant's motion to dismiss and motion for relief from judgment filed February 18, 2014. M.R. Civ. P. 12(h)(3) & 60(b)(1-6). Defendant raises the same arguments in this motion she raised in the motion to set aside judgment of foreclosure and sale filed April 30, 2013. That motion was denied on August 8, 2013. Defendant also raised the same arguments in her appeal. That appeal was dismissed by decision dated May 8, 2014.

Defendant admits plaintiff's motion to vacate dismissal was received. (Def.'s Mot. 6, ¶¶ 4-6.)[1] The motion contained the appropriate Rule 7(b)(1)(A) language. Defendant did not object to plaintiff's motion. The motion to vacate dismissal was granted on April 29, 2013.

---

[1] In the motion filed April 30, 2013, defendant stated that because she had been notified that the servicing of the mortgage had been transferred and because she understood the action had previously been dismissed, she "did not respond to the motion [to vacate dismissal] filed in early January." (April 30, 2013 Mot. ¶ 2.) In the motion filed February 18, 2014, defendant stated that because she believed the initial action had been dismissed, she "felt no need to respond to anything from Plaintiff's attorney, including the motion to vacate." (February 18, 2014 Mot. ¶ 5.) In her appeal, defendant stated, "Defendant was initially unaware of the Plaintiff's filing of the 60(b) motion. Defendant only became aware of the pendency of the motion when the court granted Judgment of Foreclosure which Defendant received and reviewed on 4-29-13." (August 29, 2013 Statement of Issues.)

The judgment of foreclosure and sale was signed April 29, 2013, based on the evidence presented at trial on May 22, 2012. Jurisdiction was not challenged at the time of trial. Any subsequent transfer of the note and mortgage does not deprive the court of subject matter jurisdiction. See M.R. Civ. P. 25(c); see also Unison Realty Corp. v. RKO Theatres, Inc., 35 F.R.D. 232, 233 (S.D.N.Y. 1964) (federal rule that requires an action to be prosecuted in the name of the real party in interest controls commencement of the action but Rule 25(c) controls where transfer takes place while action is pending); Mortgage Elec. Registration Sys., Inc. v. Saunders, 2010 ME 79, ¶ 19 n.6, 2 A.3d 289 ("Rule 25(c) does not require the originally named party to move for substitution.").

The entry is

> Defendant's Motion to Dismiss or for Relief from Judgment
> is DENIED.

Dated: October 3, 2014

Nancy Mills
Justice, Superior Court

2

RK OF COURTS
berland County
ury S    , Ground Floor
land, ME 04101


ELIZABETH CROWE ESQ
BENDETT & MCHUGH
270 FARMINGTON AVE
SUITE 151
FARMINGTON CT 06032


PETER EVANS ESQ
75 PEARL ST
PORTLAND ME 04101


DAN THORNHILL ESQ
PO BOX 360
KITTERY ME 03904-0360