THOMAS, Judge.
Edward J. Adler III appeals, challenging the orders of the Baldwin Circuit Court (“the circuit court”) disposing of his claims against the Bank of New York Mellon, formerly known as the Bank of New York, as trustee for CHL Mortgage Pass-Through Trust 2003-11, Mortgage Pass-Through Certificates, Series 2003-11 (“BNYM2”), in favor of BNYM2 and disposing of BNYM2’s claims against Adler in favor of BNYM2. The evidentiary materials that the parties presented to the circuit court reveal the following facts.
On January 31, 2003, Adler and his wife executed a note, secured by a mortgage, for the purchase of real property (“the property”) located in a subdivision known as TimberCreek. The mortgage was executed in favor of Mortgage Electronic Registration Systems, Inc., acting as nominee for “First Alliance.” The note and mortgage were subsequently transferred and assigned to the Bank of New York Mellon, formerly known as the Bank of New York, as trustee for the Certificate Holders CWMBS, Inc., Asset-Backed Certificates, Series 2003-11 (“BNYM1”). BNYM1 subsequently transferred and assigned the note and mortgage to BNYM2; however, the documents evidencing that transaction were lost. An “affidavit of lost assignment” that was recorded in the Baldwin Probate Court (“the probate court”) on April 23, 2012, indicates that “the original assignment [from BNYM1 to BNYM2] was lost or misplaced before being recorded.”
When Adler and his wife divorced in 2009, Adler was made responsible for all the debts of the marriage, which included the note secured by the mortgage. By 2012, Adler was in default on the note. BNYM2 thereafter initiated foreclosure proceedings (“the 2012 foreclosure”), and BNYM2 purchased the property at a foreclosure sale (“the 2012 foreclosure sale”) on June 5, 2012. A foreclosure deed (“the 2012 foreclosure deed”) was recorded in the probate court on June 19, 2012. Adler, *833 however, continued to occupy the property. In August 2012, BNYM2 filed a complaint in the circuit court, seeking to eject Adler from the property, in case .no. CV-12-901041 (“the 2012 ejectment action”). On October 9, 2012, the TimberCreek Property Owners Association, Inc. (“the POA”), filed a statement of lien in the probate court, in which it asserted that BNYM2— the record owner of the property—was liable for $990 plus interest to the POA for certain overdue fees, assessments, and charges.
On October 10, 2012, Adler filed a motion seeking a dismissal of or, alternatively, a summary judgment in the 2012 ejectment action, Adler’s sole argument—that the circuit court should dispose of the action because BNYM2 lacked standing to bring the action—rested on his contention that the affidavit of lost assignment had failed to demonstrate that BNYM2 had received a valid assignment of the note and mortgage. Adler relied on the reasoning of Cadle Co. v. Shabani 950 So.2d 277 (Ala.2006), and our reasoning in reliance on Cadle in Sturdivant v. BAC Home Loans Servicing, LP, 159 So.3d 15, 23-24 (Ala.Civ.App.2011)(concluding that BAC did not have standing to bring an ejectment action “because the record demonstrates that BAC did not have legal title to the property at the time it initiated its foreclosure action!; therefore], it cannot claim legal title to the property through the ... foreclosure sale and the resulting deed”), rev’d by Ex parte BAC Home Loans Servicing, LP, 159 So.3d 31 (Ala.2013), and by Ex parte GMAC Mortgage, LLC, 176 So.3d 845 (Ala.2013). See also Ex parte Rhodes, 144 So.3d 316, 318 (Ala.2013) (“In our recent decision of Ex parte BAC Home Loans Servicing, this Court expressly rejected the reasoning in Byrd [v. MorEquity, Inc., 94 So.3d 378 (Ala.Civ.App.2012)], Sturdivant, and Cadle.”). However, at the time that Adler filed his motion, both Sturdivmt and Ca-dle supported his argument/ Although BNYM2 argued that it was unlike the plaintiffs in Sturdivant and Cadle,, the circuit court entered a summary, judgment in favor of Adler in the 2012 ejectment action on January 16, 2013. Accordingly, Adler continued to occupy the property. The summary judgment in the 2012 ejectment action neither revealed the circuit court’s reasoning for entering the judgment nor declared that the 2012 foreclosure deed was void. The judgment reads, in its entirety: “Motion for Summary Judgment pursuant to Rule 56[, Alai R. Civ. P.,] filed by [Adler] is hereby granted.” BNYM2 did not file a notice of appeal in the 2012 ejectment action.
The events giving rise to this appeal began on March 25, 2014, when BNYM2 filed in the circuit court a complaint against Adler that was assigned case no. CV-14-900367 (“the 2014 action”). BNYM2 requested an order specifically setting aside the 2012 foreclosure deed and “reinstating] the mortgage.”[1] Adler filed a motion to dismiss of for a more definite statement, in which he supplied certain additional facts. Adler’s motion reads, in pertinent part:
“On February 22, 2013, [the POA] conducted a foreclosure sale of the real property made the basis of the twtf actions filed by [BNYM2], and at that foreclosure sale, [Adler] was the highest and best bidder and acquired title to the property. A deed to the property, executed on February 28, 2013, was recorded on March 25, 2013, in the office of the Judge of Probate of Baldwin County, Alabama, at instrument ' nuinber *834 1389028. A copy of that deed is attached hereto and labeled as Exhibit T.’ The statutory right of redemption has now expired as it relates to the foreclosure of the real property by [the POAj’s foreclosure.”
Adler argued that BNYM2 had failed to present grounds upon which the 2012 foreclosure deed should be set aside or upon which the mortgage should be “reinstated” and that the 2014 action was barred by the doctrine of equitable estoppel. The circuit court denied Adler’s motion to dismiss, and, on January 21, 2015, Adler answered and counterclaimed, asserting that, because BNYM2 had failed to “ensure” that it had standing to bring the 2012 ejectment action, BNYM2 was now liable to Adler for damages for wrongful foreclosure, slander of title, negligence, and wantonness regarding the 2012 foreclosure and the 2012 ejectment action.
On March 30, 2015, BNYM2 filed a reply to Alder’s counterclaim, but it failed to assert any affirmative defenses in its reply. On May 22, 2015, BNYM2 filed a Rule 12(c), Ala. R. Civ. P., motion for a judgment on the pleadings, arguing that Adler’s counterclaim had referenced the 2012 ejectment action and that Adler’s claims were barred by the applicable statute of limitations or were barred as a matter of law because Alder’s claims were compulsory counterclaims that had not been raised in the 2012 ejectment action. That same day, BNYM2 also filed a motion for a summary judgment, seeking a judgment in its favor on its request for declaratory relief. See supra note 1. Adler filed responses. Specifically, Adler responded to BNYM2’s Rule 12(c) motion, arguing that BNYM2 had waived the statute-of-limitations defense, see Rule 8(c), Ala. R. Civ. P. (listing affirmative defenses), because it did not raise it as an affirmative defense in its reply to his counterclaim and instead did so for the first time in the Rule 12(c) motion.
The circuit court held a hearing on July 21, 2015, and it entered two orders on August 4, 2015: It entered a summary judgment in favor of BNYM2, declaring that the 2012 foreclosure deed was void and that the note secured by the mortgage had not been satisfied, and it entered a judgment on the pleadings in favor of BNYM2 on Adler’s claims.
On August 28, 2015, Adler filed a postjudgment motion, which the circuit court denied on October 20, 2015. On November 30, 2015, Adler filed a timely notice of appeal to the Alabama Supreme Court. The appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975. On appeal, Adler argues that the circuit court erred by denying his postjudgment motion. The grant or denial of a postjudgment motion rests within the sound discretion of the trial court. Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000); Dare Prods., Inc. v. Alabama, 574 So.2d 847, 850 (Ala.Civ.App.1990). In his post-judgment motion, Adler had requested reconsideration of the order entering a summary judgment in favor of BNYM2 on its claims and of the order entering a judgment on the pleadings in favor of BNYM2 on Adler’s claims based upon, he claimed, certain newly discovered evidence that would demonstrate that BNYM2 was not a real pai’ty in interest and that BNYM2 lacked standing to maintain the 2014 action.
We first address whether BNYM2 lacked standing to sue Adler because a question of standing implicates subject-matter jurisdiction. Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 954 (Ala.2004). Adler contends that BNYM2 “lost its standing” and that the circuit court, therefore, lacked subject- *835 matter jurisdiction over the 2014 action based upon his assertion that, after the orders had been entered, he learned that BNYM2 had transferred ownership of the note and mortgage to NRZ Pass-Though Trust V (“NRZ”) on June 25, 2015, which was before the orders were entered on August 4, 2015.
Adler has not raised a standing question but, instead, has raised a real-party-in-interest question. “‘[T]he question whether a party has standing to sue is distinct from whether [the party] is the real party in interest.’ ” Ex parte Sterilite Corp. of Alabama, 837 So.2d 815, 818 (Ala.2002)(quoting Battle v. Alpha Chem. & Paper Co., 770 So.2d 626, 634 (Ala.Civ.App.2000)). “ ‘[T]he real party in interest principle is a means to identify the [entity that] possesses the right sought to be enforced.’” Dennis v. Magic City Dodge, Inc., 524 So.2d 616, 618 (Ala.1988)(quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1542 (1971)). Based on the evidence before the circuit court when it entered the orders, BNYM2 was the real party in interest because it was “the party ‘... who possessed] the substantive right being asserted under the applicable law....’” Frazer v. Alabama State Policemen’s Ass’n, Inc., 346 So.2d 959, 961 (Ala.1977) (quoting Wright & Miller, Federal Practice & Procedure: Civil § 1541 at 635).
Rule 25(c), Ala. R. Civ. P., provides, in pertinent part: “In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.” Assuming that there was an assignment of the mortgage from BNYM2 to NRZ, Rule 25(c) provides that BNYM2 could properly continue to prosecute the 2014 action unless, “upon motion,” the circuit court ordered that NRZ be substituted or joined as a plaintiff in the 2014 action. If such a motion had been filed, the circuit court certainly could have substituted NRZ as the plaintiff or added NRZ as an additional plaintiff; however, it also could have properly refused to do either. Regardless, no such motion was ever filed; consequently, no such substitution or joinder of parties was ordered, and, therefore, BNYM2 had the right to continue to prosecute the action.[2] See American Credit Co. of Alabama v. Bradford, 414 So.2d 119, 121 (Ala.Civ.App.1982)(citing 7A Wright and Miller, Federal Practice & Procedure § 1958, at p. 663).
“ ‘The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee’s presence would facilitate the conduct of the litigation.’ ”
Bradford, 414 So.2d at 121 (quoting 7A Wright and Miller, Federal Practice and Procedure, § 1958, at p. 664). Adler’s argument that the circuit court lacked subject-matter jurisdiction is, therefore, mer-itless.
Next, Adler argues that the circuit court erred by failing to grant his post-judgment motion, in which he requested *836 that the circuit court vacate .the order entering ' a summary judgment in favor of BNYM2 on its claims.
“‘‘The standard of review applicable to a summary judgment is the same as the standard for granting the motion.’ McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
“‘A summary judgment is proper when there. is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and,that,it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present “substantial evidence” creating a genuine issue of material fact—“evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994). Questions of law are reviewed de .noyo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).”
Tiller v. YW Hous. Partners, Ltd., 5 So.3d 623, 628 (Ala.Civ.App.2008). Adler’s argument is premised on the conclusion that the 2012 foreclosure deed is valid because it was never specifically declared void.[3] In other words, Adler seeks to have this court hold that, although the 2012 foreclosure sale was void based, on the circuit court’s summary judgment in the 2012 action, the 2012 foreclosure deed remains valid and the mortgage should not be “reinstated.” However, based on the circuit court’s ruling hr the 2012 ejectment action and under the law applicable at the time of the 2012 ejectment action, BNYM2 did not acquire “standing” to foreclose on the property; therefore, the summary judgment entered in favor of Adler in the 2012 ejectment action rendered the 2012 foreclosure sale invalid, and, consequently, the 2012 foreclosure deed never validly existed.
In Nelson v. Federal National Mortgage Association, 97 So.3d 770, 780 (Ala.Civ.App.2012), we explained that
“[t]he complete absence of any evidence indicating that [Flagstar Bank, FSB (‘Flagstar’) ], was the owner of the debt, i.e., the holder of the note, before June 5, 2009, when [Mortgage Electronic Registration Systems, Inc. (‘MERS’) ], as nominee for Flagstar, invoked the power of sale in the mortgage means that MERS did not convey legal title to itself by virtue of the foreclosure deed because MERS had no authority to initiate the foreclosure proceedings. Consequently, the special warranty deed that [Federal National Mortgage Association] received from MERS two days after the foreclosure sale, which depend *837 ed for its efficacy upon the validity of the MERS foreclosure deed, see 11 Thompson on Beal Property § 94.07(b)(2)(I) at 390 (David A. Thomas 2d ed.2002), was also void.”
(Emphasis added.)
In the 2012 ejectment action, the circuit court determined that, based upon the law as it existed in 2012, BNYM2 lacked the authority to initiate the 2012 foreclosure sale because the evidence presented in the 2012 ejectment action failed to demonstrate that BNYM2 was the owner of the note secured by the mortgage on the day of the 2012 foreclosure sale. See Sturdivant, 159 So.3d at 15-18. Thus, the circuit court held, based on the law as it existed at that time, the 2012 foreclosure sale was void. The 2012 foreclosure deed, which depended upon the efficacy of the assignment from BNYM1 to BNYM2, was, therefore, also void.[4] Therefore, we conclude that the circuit court did not err in the 2014 action by determining that Adler had failed to demonstrate the existence of any genuine issues of material fact regarding whether the 2012 foreclosure deed was void or by denying Adler’s postjudgment motion in which he had requested that the circuit court vacate its summary-judgment order.
Finally, Adler argues that the circuit court erred by failing to grant his postjudgment motion, in which he requested that the circuit court vacate .the order entering a judgment on the pleadings in favor of BNYM2 on his claims.
“When a motion for judgment on the pleadings is made by a party, ‘the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.’ B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So.2d 989, 991 (Ala.1992). See also Deaton, Inc. v. Monroe, 762 So.2d 840 (Ala.2000). A judgment ori the pleadings is subject to a de novo review. Harden v. Bitter, 710 So.2d 1254, 1255 (Ala.Civ.App.1997). A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56.”
Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81, 82 (Ala.2000). Adler filed a counterclaim against BNYM2, BNYM2 filed a reply in which it failed to specifically include affirmative defenses, see Rule 8(c) and Rule 12(b), Ala. R. Civ. P., and BNYM2 then filed a Rule 12(c), Ala. R. Civ. P., motion in which it specifically raised the affirmative defense that the applicable limitations periods on Adler’s claims had expired. Adler argued to the circuit court that BNYM2 had waived the statute-of-limitations defense *838 by failing to include that defense in its reply, and that, therefore, BNYM2 could not properly raise that issue in its Rule 12(c) motion. The circuit court could have correctly concluded that, under the facts of this case, Adler’s argument was unavailing because “an affirmative defense that has not been pleaded may be revived if the defense appears on the face of the complaint,” or, in this case, on the face of Adler’s counterclaim. Hayes v. Payne, 523 So.2d 333, 334 (Ala.1987)(citing Wallace v. Alabama Ass’n of Classified Sch. Emps., 463 So.2d 135 (Ala.1984)). Accepting as true the facts as alleged by Adler in his counterclaim, Adler’s claims in this case accrued on June 5, 2012, which is the date of the 2012 foreclosure sale. Each of Adler’s claims is subject to a two-year limitations period,[5] and Adler’s claims were asserted more than two years after June 5, 2012. Because the relevant limitations periods were apparent from the face of Adler’s counterclaim, BNYM2 did not waive the limitations defense by failing to include it in its reply to Adler’s counterclaim, and the defense was, therefore, properly raised in its Rule 12(c) motion.
Adler continues his argument by contending that, even if we conclude that BNYM2 did not waive the statute-of-limitations defense, that conclusion should not bar his claims because they are compulsory counterclaims. Adler cites, for the first time on appeal, Romar Development Co. v. Gulf View Management Corp., 644 So.2d 462, 471-73 (Ala.1994)(reasoning that a compulsory counterclaim is not subject to the defense of limitations). Because Adler failed to advance that argument below, this court will not hold the circuit court in error on a matter that was neither presented to nor decided by that court; our holding on this issue is especially necessitated in situations like the one presented in this appeal, when Adler is asserting that the circuit court’s alleged error amounted to an abuse of discretion. See Bevill v. Owen, 364 So.2d 1201, 1203 (Ala.1979). Thus, we conclude that Adler has failed to demonstrate that the circuit court erred by entering a judgment on the pleadings in favor of BNYM2 on his claims because, on its face, Adler’s counterclaim reflected that his claims had each been asserted after the applicable limitations period had expired, and, therefore, BNYM2 was entitled to judgment in its favor.
Based upon the foregoing, we conclude that the circuit court did not eiT by denying Adler’s postjudgment motion in which he requested that the circuit court vacate the orders it had entered in favor of BNYM2 in the 2014 action. Accordingly, we affirm.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. In other words, BNYM2 sought an order declaring the parties’ rights and responsibilities regarding the judgment in the 2012 ejectment action. ■ ■

. We have not overlooked Adler’s assertion that the evidence regarding the assignment was newly discovered evidence; however, that argument mistakenly assumes that the alleged newly discovered evidence would impact BNYM2's right to maintain the 2014 action, a proposition that we have rejected.

. We note that Adler’s position in the 2014 action is inconsistent with his position in the 2Q12 ejectment action. Presumably, Adler sought an order declaring that the 2012 foreclosure deed was valid because, when the POA initiated foreclosure proceedings against BNYM2 in 2013, Adler purported to purchase the property from the POA for $2,294.30.

. Adler fails to present an argument alleging, or to cite authority indicating, error regarding whether "reinstatement” of the mortgage was proper after the circuit court determined that the 2012 foreclosure deed was void.
" ‘Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s ... brief contain “citations to the cases, statutes, [and] other authorities ... relied on,” ’ University of South Alabama v. Progressive Ins. Co., 904 So.2d 1242, 1247 (Ala.2004), and the effect of noncompliance with this rule is well established. ‘ "[W]here no legal authority is cited or argued, the effect is the same as if no argument had been made."’ Steele v. Rosenfeld, LLC, 936 So.2d 488, 493 (Ala.2005) (quoting Bennett v. Bennett, 506 So.2d 1021, 1023 (Ala.Civ.App.1987) (emphasis added in Steele)). This is so, because ‘it is neither this Court’s duty nor its function to perform an appellant's legal research,’ City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala. 1998).”
Walden v. Hutchinson, 987 So.2d 1109, 1120 (Ala.2007). Thus, the circuit court's holding reinstating of the mortgage is unchallenged on appeal.

. Slander of title, negligence, and wantonness are each subject to two-year limitations periods. See Hosey v. Central Bank of Birmingham, Inc., 528 So.2d 843, 844 (Ala.1988)(con-cluding that "the statute of limitations for slander of title is two years, as presently provided by § 6—2—3 8 (k) ”); Mitchell v. Thomley, 98 So.3d 556, 559 (Ala.Civ.App.2012)(concluding that a negligence claim is subject to a two-year limitations period pursuant to § 6-2-38(1), Ala.Code 1975); and Ex parte Capstone Bldg. Corp., 96 So.3d 77, 88 (Ala.2012)(“reaffirm[ing] the proposition that wantonness claims are governed by the two-year statute of limitations now embodied in § 6-2-38(1)”). A claim for “wrongful” foreclosure can also be characterized as a claim for “negligent” foreclosure or "wanton” foreclosure. As already explained, claims of negligence and wantonness are each subject to two-year limitations periods. See Jackson v. Wells Fargo Bank, N.A., 90 So.3d 168, 171 (Ala.2012).